USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JESSICA BERK and RUTH NAN BERK,

                Plaintiffs,

   -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------------------------------x

00 Civ. 8483 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge:

In this bitter dispute between former neighbors that escalated into police action and a federal civil rights lawsuit, the last remaining defendant moves for summary judgment with respect to plaintiffs' federal claims. The motion will be granted.

This matter has a long and winding history. Plaintiffs, who were then represented by counsel, filed their complaint on November 6, 2000, charging that defendant Scott Smith engaged in a variety of objectionable activities[1] in his neighboring apartment, and that when plaintiffs complained to the police about these activities the police, together with Smith and former defendant Gerard Andrew Ruth, engaged in a campaign of harassment against plaintiffs. Defendant Smith, also then represented by counsel, answered the complaint on February 13, 2001. In June 2001 Magistrate Judge Ellis set a September 28, 2001, deadline for all discovery.

---

[1] Specifically, plaintiffs allege that Smith, while living in an apartment above plaintiffs' during the mid and late 1990s, vomited and urinated on their balcony, threw objects such as bricks, bottles, needles, condoms, and marijuana cigarettes onto their balcony, sold drugs, engaged in "sadomasochistic sex and homosexual sexual activity" (Compl. ¶ 34), and illegally barbequed.

The discovery period was then extended numerous times, with discovery eventually closing in November 2002. In total, discovery lasted almost a year and a half. Along the way the parties raised various discovery disputes, each of which was resolved by Magistrate Judge Ellis. (See, e.g., Doc. ## 16, 17, 20, 21.)

Both Smith and plaintiffs began this case represented by counsel. However, on May 3, 2002, the Court permitted Smith's counsel to withdraw, and on May 29, 2002, the Court permitted plaintiffs' initial counsel to withdraw. On June 21, 2002, new counsel for plaintiffs filed a notice of appearance, but on November 20, 2002, the Court permitted plaintiffs' replacement counsel to withdraw as well. Since that time both parties have proceeded pro se.

In May 2003, plaintiffs settled their claims against the police defendants and the City of New York, leaving only their claims against individual defendants Smith and Ruth. In January 2004, defendant Ruth moved for summary judgment on plaintiffs' claims against him. By order dated September 15, 2004 (Doc. #36), the Court granted Ruth's motion, concluding that the record contained no evidence from which a finder of fact could conclude that Ruth acted under color of state law or in a conspiracy with the police officers who allegedly violated plaintiffs' rights. At the time, the Court noted that the record was similarly lacking with respect to Smith. However, because Smith had not moved for summary judgment, judgment was not entered on Smith's behalf. Shortly after the Court dismissed plaintiffs' claims against Ruth, a letter was received from Smith that was treated by the Court as a motion for summary judgment in his favor. Accordingly, the case was once again referred to Magistrate Judge Ellis to coordinate briefing and other further proceedings in connection with the motion, and to issue a report and recommendation.

2

Those further proceedings were the subject of this Court's March 14, 2006, order. (Doc. #49.) Essentially, following a year and a half of procedural wrangling, made difficult by the fact that both defendant and plaintiffs were by this time pro se, and had become so mutually vituperative that Judge Ellis was required by their mutual fears of harassment to order the parties to serve each other with papers via the Court, the Court wiped the slate clean, and gave the parties one final chance to brief Smith's motion for summary judgment. Smith's submission in support of his motion was received on April 18, 2006, and plaintiffs' response was received on May 16, 2006. Smith's motion is now fully briefed, and is finally ripe for decision. For the following reasons, the motion will be granted.

Plaintiffs' federal law claims against Smith, like their claims against Ruth, are predicated on the allegation that Smith acted under color of law or conspired with police officers who allegedly violated plaintiffs' rights. Plaintiffs' complaint asserts that the police were aware of Smith's harassing and disturbing activities, but that they refused to take any action against him. (Compl. ¶ 18.) Additionally, plaintiffs allege that in response to a complaint about Smith, two police officers came to their residence, yelled at plaintiff Jessica Berk, drew their weapons and aimed them at Berk's head, and illegally detained and searched Berk. (Compl. ¶¶ 63-97.) With respect to Smith, plaintiffs claim that he conspired with the police to harass them (Compl. ¶ 218), and that he personally shoved plaintiff Jessica Berk against a door, threatened to kill her on several occasions, sent her subscriptions to pornographic magazines, and spit in her face (Compl. ¶ 154).

In his memorandum in support of summary judgment, Smith states that "no proof . . . exists that I acted under color of law." (Def. Mem. 3.) Additionally, Smith avers that "at no

3

time did I conspire under color of law to deprive [plaintiffs] of any rights or privileges." (Id. 4.)[2]
At trial, plaintiffs would have the burden to prove that Smith acted under the color of law or conspired with the police. Therefore, to survive summary judgment plaintiffs must produce sufficient evidence from which a factfinder could conclude that Smith did so act or conspire. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Plaintiffs have failed to meet that burden.

Plaintiffs raise several issues in response to Smith's motion. First, plaintiffs complain that Smith did not provide sufficient evidence in support of his motion, and that therefore the motion should be deemed withdrawn. (Pl. Mem. 2.) However, as mentioned above, Smith's submission pointed to the lack of evidence in the record to support plaintiffs' claims, and included his averment that he did not conspire with the police to deprive plaintiffs of their rights. Because Smith is the defendant in this action, that minimal showing is sufficient to satisfy his burden. As the Supreme Court has explained, where the nonmoving party bears the burden of proof at trial, "the burden on the moving party [at summary judgment] may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Smith has discharged that burden. Accordingly, the burden shifts to plaintiffs to marshal the evidence in the record and show that based on that evidence a factfinder could find in their favor.

However, plaintiffs fail to provide any evidence in support of their response. Instead, plaintiffs admit that they have insufficient evidence to respond to Smith's motion, but blame this

---

[2] Smith's submission in support of his motion for summary judgment is a hybrid memorandum and affidavit. The four page document, which is signed and sworn to by Smith in the presence of a witness, contains various legal arguments and citations to authority, along with claims of fact based on his personal knowledge, such as his denial that he conspired to deprive plaintiffs of their rights.

4

lack on failure of dicovery. Specifically, plaintiffs argue that they "have yet to receive any information regarding [their] many inquiries about [the] lack of police and other evidence; which was not provided to [them] – despite numerous requests [and] subpoenas," and that "the City" is holding a "treasure trove of reports and internal investigations that would expose their shameful actions." (Pl. Mem. 1.)

To the extent plaintiffs' complaints can be interpreted as a motion for additional discovery pursuant to Fed. R. Civ. P. 56(f), that motion is denied. Rule 56(f) requires the party opposing summary judgment to "establish (1) the nature of the uncompleted discovery, (2) how these facts are likely to create a genuine issue of fact, (3) what efforts the party has made to obtain those facts, and (4) why those efforts were unsuccessful." State Bank of India v. Star Diamonds, Inc., 901 F. Supp. 177, 179 (S.D.N.Y. 1995), citing Burlington Coat Factory Warehouse v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985). Plaintiffs' request does not meet any of these requirements. The City of New York – the party against which plaintiffs' discovery complaints are directed – settled with plaintiffs three years ago and is no longer a party to this case. Plaintiffs do not explain why the City would be in possession of records relating to defendant Smith, an individual who neither is nor was in the City's employ, or how City records would be relevant to Smith's involvement in this case. Plaintiffs' general claim that the City failed to produce documents does not reference any particular discovery demand, nor do plaintiffs explain their failure to resolve any alleged discovery abuses by resort to Judge Ellis during the lengthy discovery period.[3]

---

[3] On November 27, 2002, plaintiffs moved for an order to compel Smith to submit to a deposition (Doc. #19), and that motion was granted on December 16, 2002 (Doc. #21). However, the record before the Court does not reveal whether Smith ever submitted to a

5

Finally, plaintiffs complain that former defendant Ruth continues to engage in "the same sort of vicious and psychotic behavior that prompted us to contact the police in the first place; AND the police unfortunately – continue to ignore us and threaten me with illegal retaliation." (Pl. Mem. 2.) These assertions have no relevance to Smith's motion for summary judgment. Ruth, the City, and the individual officers who were at one time parties to this action are parties no longer. Any claims plaintiffs have regarding recent actions by Ruth, the City, or individual officers are matters for a different law suit, and do not relate to the subject of this motion for summary judgment – Smith's alleged actions over six years ago.

Plaintiffs' arguments regarding the form of Smith's submission, the lack of discovery from the City of New York, and current activities by police officers and Ruth are insufficient to satisfy their burden of production. Plaintiffs have provided no evidence from which a finder of fact could conclude that Smith acted under the color of law or conspired with the police. Accordingly, plaintiffs' federal law claims against Smith are dismissed.

Plaintiffs also raise a number of state law claims against Smith. The Court has discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction over these state law claims once plaintiffs' federal law claims are dismissed. Because the Court's jurisdiction over plaintiffs' state law claims would not have existed but for plaintiffs' federal law claims, which have been dismissed, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. See Karmel v. Liz Claiborne, Inc., No. 99 Civ. 3608, 2002 WL 1561126, at *3

---

deposition. If he did not, plaintiffs apparently took no further action to seek additional relief at the time, and in any event, despite plaintiffs' current complaints regarding the City's compliance with discovery, they raise no such complaints against Smith.

(S.D.N.Y. July 15, 2002). The federal issue in this case concerned the actions of the police, and was settled long ago. Absent the claim that Smith acted under color of state law or in a conspiracy with the police, which have not been supported with any evidence, plaintiffs' accusations of harassment when Smith was their neighbor in Greenwich Village is quintessentially a local matter, proper for resolution in the state courts.

Accordingly, Smith's motion for summary judgment is granted and plaintiffs' federal claims against him are dismissed; the state-law claims are dismissed for lack of jurisdiction. As Smith was the only remaining defendant in this action, the Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: New York, New York
       June 12, 2006

                                  GERARD E. LYNCH
                               United States District Judge